IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A.,

    Plaintiffs,

v.

APPLE INC.,

    Defendant.

No. C 18-00358 WHA

**ORDER DENYING MOTION FOR AN INDICATIVE RULING**

In this patent infringement action, plaintiffs Uniloc Luxembourg, S.A., and Uniloc USA, Inc., move for an indicative ruling under Rule 62.1. The motion is **DENIED**.

This action originated in the Eastern District of Texas in May 2017 and was transferred to our district in January 2018. Plaintiffs accused defendant Apple Inc.'s products of infringing United States Patent No. 6,661,203 ("the '203 patent"), which claimed "[a] method and apparatus for controlling the charge and discharge currents in a battery as a function of temperature" (Dkt. No. 1-2, Abstract).

In March 2018, Apple moved for judgment on the pleadings, arguing that the '203 patent was abstract and therefore invalid (Dkt. No. 53). An order dated May 18, 2018, granted Apple's motion and dismissed the instant action with prejudice (Dkt. No. 99). Judgment was immediately entered thereafter (Dkt. No. 100). In June 2018, plaintiffs appealed, *inter alia*, the final judgment and order granting Apple's motion.

Plaintiffs now seek to "expedite th[e] appeal by helping to remove from the appeal [the] recently raised issue of standing and jurisdiction" by requesting an indicative ruling stating that

the undersigned would grant a motion to add Uniloc 2017 LLC as a plaintiff if the United States Court of Appeals for the Federal Circuit remands for that purpose (Dkt. No. 107 at 2).

Once an appeal is filed, the district court no longer has jurisdiction to grant a motion to add a party to the action. Rule 62.1(a), however, provides that:

> If a timely motion is made for relief that the [district] court lacks authority to grant because of an appeal that has been docketed and is pending, the [district] court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Plaintiffs now move, pursuant to Rule 62.1(a)(3), for the above-mentioned indicative ruling. Apple opposes. In response, plaintiffs argue that Apple is "doing what it can to delay the appeal" (Dkt. No. 111 at 1).

This order notes that plaintiffs have asserted a total of seven patents (and numerous claims) in this cluster of related cases against Apple. These actions have already involved heavy motion practice. Plaintiffs now add to the burden with yet another motion.

This whole problem arose because of manipulations by plaintiffs. That is, plaintiffs have engaged in intricate assignment and licensing machinations among likely shell companies, perhaps in an attempt to avoid possible liability for sanctions through insulating shell companies.

The instant mess is one of plaintiffs' own making. The best that the shortness of life allows is reference to the companion order in the related actions addressing Apple's motion to dismiss and plaintiffs' motion to join Uniloc 2017. Plaintiffs' request for an indicative ruling is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: January 17, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2