IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA, INC.; and UNILOC LUXEMBOURG, S.A.,

Plaintiffs,

v.

APPLE INC.,

Defendant.

No. C 18-00358 WHA

**ORDER DENYING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**

In connection with the motion for an indicative ruling, both sides filed administrative motions to file under seal (Dkt. Nos. 105, 108).

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." Thus, "a strong presumption in favor of access is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotations omitted). In considering requests to seal judicial records, courts apply a "compelling reasons" standard to documents attached to dispositive motions and a "good cause" standard to documents attached to non-dispositive motions. *Id.* at 1180–81. Here, because the underlying motion is not dispositive, the good cause standard applies. Good cause requires a "particularized showing" that "specific prejudice or harm will result" if the documents are made public. *Kamakana*, 447 F.3d at 1180; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road, conclusory allegations of potential harm" are insufficient. *Foltz*, 331 F.3d at 1130–31.

Here, plaintiffs have not shown good cause. The supporting declaration simply states that the documents at issue "contain sensitive, confidential and proprietary information related to financial data, contracts, business dealings and business plans with respect to various Uniloc entities and Fortress" and that disclosure would create substantial risk of competitive harm (Dkt. No. 105-2 ¶ 6). This mere conclusory assertion of potential competitive harm hardly amounts to a "particularized showing." Moreover, as to defendant Apple Inc.'s motion to file under seal pursuant to plaintiffs' confidentiality designations (Dkt. No. 108), plaintiffs' supporting declaration states that the redacted portions do not contain confidential information and therefore do not require sealing.

For the foregoing reasons, the administrative motions are **DENIED**. Plaintiffs have **TWO WEEKS** to seek appellate review of this order to obtain redactions, failing which each movant shall file unredacted versions of their documents on the public docket by **FEBRUARY 8 AT NOON**.

**IT IS SO ORDERED.**

Dated: January 17, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE