NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**UNILOC USA, INC., UNILOC LUXEMBOURG S.A.,**
*Plaintiffs-Appellants*

**v.**

**APPLE INC.,**
*Defendant-Appellee*

---

2018-2094

---

Appeal from the United States District Court for the Northern District of California in No. 3:18-cv-00358-WHA, Judge William H. Alsup.

---

Decided:  August 30, 2019

---

JAMES J. FOSTER, Prince Lobel Tye LLP, Boston, MA, argued for plaintiffs-appellants.  Also represented by AARON JACOBS, PAUL J. HAYES, I.

MICHAEL T. PIEJA, Goldman Ismail Tomaselli Brennan & Baum, LLP, Chicago, IL, argued for defendant-appellee. Also represented by LAUREN ABENDSHIEN, JENNIFER GREENBLATT, ALAN ERNST LITTMANN, ANDREW RIMA, EMMA ROSS, DOUG J. WINNARD.

---

UNILOC USA, INC. v. APPLE INC.

Before PROST, *Chief Judge*, PLAGER and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge*

Uniloc USA, Inc. and Uniloc Luxembourg S.A. appeal a final judgment on the pleadings in the United States District Court for the Northern District of California holding the claims of U.S. Patent No. 6,661,203 ineligible. *Uniloc USA, Inc. v. Apple Inc.*, No. C 18-00358 WHA, 2018 WL 2287675, at \*1 (N.D. Cal. May 18, 2018). After Uniloc filed the appeal, Apple, Inc., uncovered material suggesting multiple jurisdictional defects. Because this material is outside the record, we remand for the district court to supplement the record, determine whether Uniloc has standing in the first instance, and, if appropriate, cure any jurisdictional defects.

I

A.

This case began when Uniloc sued Apple for infringement of the '203 patent. It is one of several ongoing patent infringement cases between the Uniloc entities and Apple in the Northern District of California.[1] During discovery in a related proceeding, Apple requested information about the ownership and licensing of Uniloc's patents. Uniloc did not comply with those requests.

According to Apple, on May 3, 2018, Uniloc Luxembourg, the entity that owned the '203 patent, transferred its patent holdings to Uniloc 2017 LLC (May 3 transfer). It failed to inform Apple or the district court about this transfer. Uniloc 2017 then entered into a licensing agreement with Uniloc USA that gave Uniloc USA authority to

---

[1]    *Uniloc USA, Inc., v. Apple Inc.*, 3:18-cv-360, 3:18-cv-363, 3:18-cv-365, 3:18-cv-572 (N.D. Cal.).

enforce the patents. Under the licensing agreement, Uniloc USA would remit all enforcement proceeds to Uniloc 2017.

On May 18, 2018, the district court granted Apple's motion for judgment on the pleadings after finding the claims of the '203 patent were directed to non-patentable subject matter. Uniloc appealed.

## B.

Apple did not learn about the May 3 transfer until late August 2018, after the district court entered judgment in this case. But, because the related cases were still before the district court, Apple asked Uniloc to produce any documents regarding the transfer of ownership in those cases. Uniloc did not respond to Apple's request, so the district court ordered Uniloc to "provide the Court and [Apple] with a detailed account setting forth the exact history of ownership of the patents-in-suit by Uniloc Luxembourg, S.A. and Uniloc USA, Inc. and the exact history of any ownership interest by Uniloc 2017, LLC" along with "complete details about ownership (including licensing) of the patents-in-suit." Apple's Opp'n to Pl.-Appellant's Mot. to Substitute Uniloc 2017 as Appellant, ECF No. 48, Ex. A at 9 (providing the Court with Defendant Apple Inc.'s Notice of Motion in *Uniloc USA v. Apple Inc.*, 3:18-cv-360 (N.D. Cal. Oct. 25, 2018)).

Uniloc only partially complied with the court's order. While it provided documents related to the May 3 transfer and licensing agreements between Uniloc 2017 and Uniloc USA, it neglected to include documents on Uniloc Luxembourg's patent portfolio before the May 3 transfer. After Apple uncovered evidence of this deficiency, the district court again compelled Uniloc to produce all documents in the related proceedings, "not just 99 percent," about the ownership of the patents-in-suit. Tr. of Proceedings held on Sept. 4, 2018 at 18, *Uniloc USA v. Apple Inc.*, 3:18-cv-360 (N.D. Cal. Sept. 5, 2018).

UNILOC USA, INC. v. APPLE INC.

Uniloc produced documents relating to a loan agree-
ment between Uniloc Luxembourg and Fortress Credit Co.
LLC.  Under the loan agreement, Uniloc Luxembourg col-
lateralized its patent portfolio in exchange for a loan.  Ac-
cording to Apple, default would give Fortress the right to
transfer or sublicense any of Uniloc's patents.

Apple moved to dismiss for lack of subject matter juris-
diction in the pending related cases arguing: (1) no plain-
tiffs currently in the suit had standing to bring an
infringement claim, and (2) Uniloc's default on the loan
agreement meant that the plaintiffs lacked standing to
bring an infringement claim when they filed for infringe-
ment.  Uniloc moved to add Uniloc 2017 as a party to those
cases.

The district court cured the ongoing jurisdictional de-
fect by adding Uniloc 2017 as a party to the related cases.
And the district court determined that the loan agreement
with Fortress did not deprive Uniloc Luxembourg of stand-
ing to bring those suits when the claims were filed.  On Au-
gust 7, 2019, the court denied reconsideration on the
Fortress issue,  but stated that "at the final pretrial confer-
ence (and not before), Apple will be allowed to ask that the
issue of default and cure be tried to the jury (or possibly the
judge)."  Citation of Supplemental Authority, ECF No. 57,
Ex. A at 1 (providing the Court with Order Den. Mot. for
Recons., *Uniloc 2017 LLC v. Apple Inc.*, 3:18-cv-360 (N.D.
Cal. Aug.7, 2019)).

## C.

As to this case, because this case was already on ap-
peal, Apple could not move to dismiss or supplement the
record with its recent discoveries.  Uniloc moved under
Federal Rule of Civil Procedure 62.1 for an indicative rul-
ing from the district court indicating that if we remand, the
district court would join Uniloc 2017.  Apple opposed this
motion.

The district court abstained from granting an indicative ruling under Rule 62.1, noting that "[t]he instant mess is one of [Uniloc's] own making.  The best that the shortness of life allows is reference to the companion order in the related actions addressing Apple's motion to dismiss and [Uniloc's] motion to join Uniloc 2017."  Notice Regarding Decision on Rule 62.1 Mot., ECF 46, Ex. A at 2 (providing the Court with Order Den. Mot. for an Indicative Ruling, *Uniloc USA, Inc. v. Apple Inc.*, 3:18-cv-358 (N.D. Cal.  Jan. 17, 2019)).

## II

## A.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986).  "A party, or the court *sua sponte*, may address a challenge to subject matter jurisdiction at any time, even on appeal." *Booth v. United States,* 990 F.2d 617, 620 (Fed. Cir. 1993).  "[S]ubject matter jurisdiction cannot be conferred by waiver, estoppel, or consent." *Diggs v. Dep't of Hous. & Urban Dev.*, 670 F.3d 1353, 1355 (Fed. Cir. 2011).  "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

"The Patent Act provides that only '[a] patentee shall have remedy by civil action for infringement of his patent.'" *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1308 (Fed. Cir. 2003) (quoting 35 U.S.C. § 281).  "[W]here the patentee makes an assignment of all substantial rights under the patent, the assignee may be deemed the effective 'patentee.'" *Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000).  "[I]n order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*." *Paradise Creations, Inc.*, 315 F.3d at 1309.

UNILOC USA, INC. v. APPLE INC.

Apple claims that Fortress may have been the true owner of the patent at issue when this case was filed. If true, this would indicate an incurable jurisdictional defect. But we are an appellate court, and "[a]ppellate review concentrates on considering the factual record presented in the trial courts." *Rosaura Bldg. Corp. v. Municipality of Mayaguez*, 778 F.3d 55, 64 (1st Cir. 2015). We restrict our review to the record before the district court when it entered judgment. *Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235, 241 (D.C. Cir. 2015). It is "the trial forum," not us, that is "vested with authority to determine questions of fact [and that should have] the opportunity to evaluate all the evidence the parties believe relevant to the issues." *Id.* (cleaned up).

Uniloc invites us to rely on the record and decisions in the related cases to resolve the subject matter jurisdiction issue. It argues that the district court's denial of Apple's motion to dismiss and motion for reconsideration in those cases are opinions with a record that we can rely on for review. We disagree.

The record before the district court in the related cases is not the record before us on appeal. And in any event, the district court's opinion is not final. Although the court denied Apple's motion for reconsideration, it noted that it would consider jurisdiction again before trial.

Because the facts relating to the Fortress loan agreement came to light after the district court's final judgment, we lack the necessary record to rule on the jurisdictional issue. And because Apple raised the prospect of a foundational defect in jurisdiction, we must remand for the district court to supplement the record and resolve any outstanding jurisdictional issues.

## B.

Apple also argues that the May 3 transfer caused a second jurisdictional defect by depriving the court of a named

plaintiff with standing to assert an infringement claim when it entered final judgment on May 18, 2018. Uniloc argues that we can remedy this jurisdictional defect on appeal by adding Uniloc 2017 as a party. Apple opposes adding Uniloc 2017 as a party to the appeal, arguing that remand is more appropriate.

"[I]f, at the end of the day and case, a *jurisdictional* defect remains uncured" when the district court enters judgment, "the judgment must be vacated." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 76–77 (1996). The Supreme Court has long held that "[t]he profits or damages for infringement cannot be sued for except on the basis of title as patentee, or as such assignee or grantee, to the whole or a part of the patent, and not on the basis merely of the assignment of a right to a claim for profits and damages, severed from such title." *Prima Tek II, L.L.C.*, 222 F.3d at 1381 (parenthetically quoting *Crown Die & Tool Co. v. Nye Tool & Mach. Works*, 261 U.S. 24, 42 (1923)). We have held "a 'right to sue' clause cannot confer standing on a bare licensee." *Id.* The license agreement between Uniloc 2017 and Uniloc USA appears to be little more than a "'hunting license,' solely for the purpose of litigation." *See id.* Thus, Apple has a basis for contesting the district court's jurisdiction at final judgment.

Adding a party after judgment to cure a technical jurisdictional defect is not a new practice. *Mullaney v. Anderson*, 342 U.S. 415, 417 (1952). We have significant latitude in deciding between adding a party to a pending appeal or remanding a case for the district court to cure any jurisdictional defect. *Compare Mentor H/S, Inc. v. Med. Device All., Inc.*, 244 F.3d 1365, 1373 (Fed. Cir. 2001) (finding that adding the proper plaintiff during the appeal would not prejudice the defendant), *with Prima Tek II, L.L.C.*, 222 F.3d at 1381 (finding that remand was the most appropriate course given the defendant had raised the issue and may be prejudiced by allowing the real patent owner to escape discovery).

8                                              UNILOC USA, INC. v. APPLE INC.

We decline to determine whether it is appropriate to add Uniloc 2017 as a party.  Apple opposes the joinder and determining the propriety of joining Uniloc 2017 involves reviewing facts that are outside the record.  Moreover, because we must remand the case on the issue relating to the Fortress loan agreement, we find it appropriate to leave this issue for the district court to address on remand as well.

## III

We remand this case to the district court for the purpose of supplementing the record with the documents pertaining to jurisdiction and resolving the presented jurisdictional issues in the first instance.

### VACATED AND REMANDED

No costs.