UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA, INC., et al.,

    Plaintiffs,

       v.

APPLE, INC.,

    Defendant.

No. 18-00358 WHA

**ORDER HOLDING IN ABEYANCE PLAINITFFS' MOTION FOR DECLARATION OF JURISDICTION AND JOINDER**

In this instance of several patent infringement suits between the parties, plaintiffs created a mess of patent licenses and assignments. An order dated May 18, 2019, granted defendant's motion for judgment on the pleadings, finding the asserted United States Patent No. 6,661,203 ("the '203 patent") was abstract and therefore invalid (Dkt. No. 99). Judgment was entered (Dkt. No. 100) and plaintiffs appealed (Dkt. No. 101). The other suits between the parties remain before this Court. *See, e.g.*, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. C 18-00360.

On appeal, defendant learned of the patent licensing and assignment scheme which threatened plaintiffs' standing to sue (Dkt. No. 124 at 2). Defendant raised these jurisdictional concerns to the Court of Appeals for the Federal Circuit, which remanded the case with the instruction to "supplement[] the record with the documents pertaining to jurisdiction and resolv[e] the presented jurisdictional issues in the first instance." *Uniloc*

*USA, Inc. v. Apple Inc.*, 784 Fed. App'x 763, 768 (Fed. Cir. 2019). Plaintiffs now move for a declaration of jurisdiction and for joinder of Uniloc 2017 as a party (Dkt. No. 125).

Plaintiffs' motion is premature. In accord with the Federal Circuit's direction:

1. **ALL** discovery in the related cases between the parties, Nos. C 18-00360 WHA, C 18-00363 WHA, C 18-00365 WHA, and C 18-00572 WHA, is deemed taken in the present case. Any objection must be filed herein and supplemented with good cause by **DECEMBER 19, 2019 AT NOON.**
2. Plaintiffs otherwise have until **DECEMBER 19, 2019 AT NOON** to certify to the Court that they have turned over **ALL** discovery on this jurisdictional issue in this and any other cases.
3. Apple has until **DECEMBER 23, 2019 AT NOON** to show why plaintiffs' disclosure is insufficient to resolve this jurisdictional issue and show what further discovery is warranted to comply with the Federal Circuit's direction.
4. Plaintiffs may then reply by **DECEMBER 27, 2019 AT NOON**.
5. During this discovery, plaintiffs' motion is **HELD IN ABEYANCE**.
6. Once the requisite discovery is completed, Apple must file a supplemental opposition to plaintiffs' motion. The Court will set the due date once the dust settles on discovery. Plaintiffs shall have the opportunity to respond within **SEVEN DAYS.**

**IT IS SO ORDERED.**

Dated: December 16, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE