UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNILOC USA, INC., et al.,

    Plaintiffs,

v.

APPLE, INC.,

    Defendant.

No. C 18-00358 WHA

**ORDER GRANTING WRITTEN DISCOVERY**

In this flurry of patent infringement suits, plaintiffs' web of entities and patent transfer agreements raise the constant question: who gets to sue? Here, Uniloc USA, Inc. and related entities may have defaulted on a revenue sharing agreement and may have given an entity called Fortress too great an interest in the asserted patents when this suit was filed. This and Uniloc's post filing conduct continues to raise the question: who owns the asserted patents?

A December 16 order (Dkt. No. 126) directed Uniloc to produce all jurisdictional discovery on this issue taken in related cases, *see, e.g.*, *Uniloc USA, Inc., et al. v. Apple Inc.*, No. C 18-00360 WHA, and gave Apple the opportunity to respond (if it wished) and specify what information was still needed. Uniloc produced a single document and now Apple requests further discovery (Dkt. No. 129 at 2).

To start, though, Apple notes (and Uniloc does not contest) that no discovery ever took place on this issue in the related cases (*id.* at 1). Though it was ordered (No. 18-00360, Dkt.

No. 204), the cases were stayed pending *inter partes review* (No. 18-00360, Dkt. No. 131). It seems discovery is required here.

*First*, Apple requests discovery on the drafting history of the Fortress agreement. The single document produced following the December 16 order was a deposition transcript in a related case in which one of Uniloc's officers referenced several draft agreements (Dkt. No. 129 at 2–4). Because the primary issue here is whether Uniloc defaulted and cured, the contracting parties' understanding of their obligations under the agreement is relevant.

*Second*, Apple requests discovery of the circumstances of Uniloc's default, steps taken to cure, and communications between Uniloc and Fortress during that time (*id.* at 6). Uniloc responds that under *Lone Star Silicon Innovations LLC v. Nanya Technology Corp.* it need not hold all exclusive rights in the asserted patents to to sue. 925 F.3d 1225, 1234 (Fed. Cir. 2019). True, but *Lone Star* also held that Uniloc must hold *enough* of the rights in the patent to be able to sue. *Ibid.* The question here is what rights Uniloc held when this suit was filed. Whether or not Uniloc defaulted and cured its obligations to Fortress will answer that question.

*Third*, Apple requests discovery of more recent patent assignments between Uniloc entities. Uniloc responds that the most recent patent rights-holders were already joined in the related cases. But that joinder was in January 2019, based on documents from November 2018 (Dkt. No. 132 at 1). If Uniloc's patent assignment web is anything, it is *not* static. Apple cites evidence of new patent transfer agreements and evidence that relevant Uniloc entities may no longer exist (Dkt. No. 129 at 7). Discovery to determine who may assert the patents *now* is appropriate.

Apple's request for more discovery is **GRANTED IN PART**. At this time, no depositions will be permitted, however Apple may proceed with written discovery of:

1. Drafts of the Fortress agreement, such as those referenced in the deposition transcript Uniloc provided.
2. The circumstances, communications, and actions regarding Uniloc's default and purported cure of its obligations to Fortress.

3. Updated ownership interests in the asserted patents, including whether entities now or formerly asserting ownership interests in the patents still exist.

This limited discovery period shall close on **FEBRUARY 28 AT 5:00 P.M.**

**IT IS SO ORDERED.**

Dated: January 29, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE