Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
Tel: (617) 456-8000

Matthew D. Vella (Cal. Bar No. 314548)
mvella@princelobel.com
**PRINCE LOBEL TYE LLP**
357 S Coast Highway, Suite 200
Laguna Beach, CA 92651

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 3:18-cv-00358-WHA<br><br>**RENEWED MOTION FOR ORDER (1) ADDING UNILOC 2017 AS A PARTY AND (2) DECLARING THIS COURT HAS SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: November 5, 2020<br>Time:           8:00 am<br>Location:      Courtroom 12<br>Judge:          Honorable William Alsup |

On November 18, 2019, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. ("Legacy Plaintiffs") filed a motion (Dkt. No. 122) for an order (1) adding Uniloc 2017 LLC as a party and (2) declaring this Court has subject matter jurisdiction. This Court issued an Order holding that motion "in abeyance" to allow for certain additional written discovery. Dkt. No. 126. As that discovery has now been completed[1], Legacy Plaintiffs renew the motion.

---

[1] The only remaining item is a pending in-camera privilege review by Judge Ryu.

### I. Background.

Legacy Plaintiffs brought this action and certain related actions[2] ("Related Actions") against Apple on various dates ranging from May 26, 2017, to August 2, 2017. This Court dismissed this action on May 18, 2018. Dkt. No. 99. Legacy Plaintiffs appealed that decision on June 15, 2018. As of that date, Apple had not raised in any action an issue as to the standing of Legacy Plaintiffs or the jurisdiction of this Court.

On September 14, 2018, this Court stayed the Related Actions, except for the issues of standing and subject matter jurisdiction, pending the outcome of certain *inter partes* reviews. On October 25, 2018, Apple filed a motion in the Related Actions arguing this Court did not have subject matter jurisdiction. This Court denied that motion, -360 Dkt. No.164-2, but, on reconsideration, held the issue of jurisdiction open for trial. -360 Dkt. No. 204.

During the appeal in this action, Apple raised the same jurisdictional issue it had raised in the Related Actions. The Federal Circuit stated "we lack the necessary record to rule on the jurisdictional issue," and remanded "for the district court to supplement the record and resolve any outstanding jurisdictional issues." Dkt. No. 118 at 6. This Court is also to determine whether it is appropriate to add Uniloc 2017 as a party. *Id*. at 8.

### II. The Court should add Uniloc 2017.

Uniloc 2017 obtained the patent portfolio of Legacy Plaintiffs in May 2018. Dkt. No. 197-1, ¶7; -360 Dkt. No. 135-15. Uniloc 2017 now owns all the rights in the patents, and Legacy Plaintiffs no longer have an interest in the patents or in this or the Related Actions.

In the Related Actions, Legacy Plaintiffs moved to add Uniloc 2017 as a plaintiff. -360 Dkt. No. 119. This Court granted that motion, over Apple's objection, finding the various documents transferring all patent rights to Uniloc 2017 in November 2018 had rectified Uniloc 2017's potential standing defects. -360 Dkt. No. 164-2.

While that motion was pending, Legacy Plaintiffs filed a Rule 62.1 motion in this action asking for a declaration this Court would grant a motion to add Uniloc 2017 as a plaintiff if the

---

[2] The Related Actions are 3:18-cv-360, -363, -365, and -572.

1  Federal Circuit remanded for that purpose. Dkt. No. 107. This Court decided that motion by
2  referring to its decision allowing joinder in the Related Actions. Dkt. No. 113.
3        As there is no apparent reason for this Court to reach a result in this action different from the
4  result reached in the Related Actions, this Court should add Uniloc 2017 to this action.

5      **III.**    **The Court should declare it has subject matter jurisdiction**.
6        As Uniloc 2017 now owns all rights in the patent-in-suit, it currently has standing to pursue
7  this action. But Apple has argued, as it did in the Related Actions, this Court should nevertheless
8  dismiss *this* action for lack of jurisdiction.

9      **A.  Apple's argument**.
10       In the Related Actions, Apple had argued Legacy Plaintiffs did not have standing as of the
11 filing dates of those actions. -360 Dkt. No. 135. Although Uniloc 2017 now has standing, Apple
12 argued it was "black letter law" a lack of standing on the filing date was *jurisdictional* – that is, the
13 problem cannot be corrected *nunc pro tunc* after filing, and the action must therefore be dismissed.
14 *Id*. at 2, 21 n.5. Apple argued this Court must address the issue of whether Legacy Plaintiffs had
15 standing as of the filing date, and argued this Court must dismiss the action if they did not.
16       Apple based its standing argument on a contract between Legacy Plaintiffs and a third party,
17 Fortress. As part of a financing transaction entered into before the filing of this action and the
18 Related Actions, Legacy Plaintiffs entered into an agreement, -360 Dkt. No. 135-3, giving Fortress
19 a *nonexclusive* right to sublicense the patents-in-suit in the event of default. *Id*., §2.1.
20       Apple argued a default had occurred before this action and the Related Actions were filed,
21 and the default had not been cured or annulled. Apple argued this default gave Fortress an
22 unfettered right to issue sublicenses, including potentially a sublicense to Apple, and that right was
23 in existence on the date of filing of each action. -360 Dkt. No. 135.
24       The patent statute, 35 U.S.C. §281, provides "A patentee shall have remedy by civil action
25 for infringement of his patent." The term "patentee" includes the original patentee (whether the
26 inventor or the original assignee) and "successors in title." 35 U.S.C. §100(d). That section gives a
27 person who has "all substantial rights" in the patent statutory standing to sue for infringement.
28

*Azure Networks, LLC v. CSR PLC*, 771 F.3d 1336, 1342 (Fed. Cir. 2014). Apple argued Fortress's possession of a *non-exclusive* right to license the patents meant Legacy Plaintiffs did not have "all substantial rights" and deprived Legacy Plaintiffs of their status as "patentee" under §281, and thus on the filing date they had lacked standing to enforce the patent. -360 Dkt. No. 135 at 11-14. And, because that defect was jurisdictional, it could not be cured; thus, this Court must dismiss the actions.

### B. The problems with the argument.

Legacy Plaintiffs oppose the motion in this action, on both factual and legal grounds.

The factual problem with Apple's argument is both Legacy Plaintiffs and Fortress deny Fortress had had such a right. In the Related Actions, this Court decided this factual issue against Apple. -360 Dkt. No. 164-2. But, on reconsideration, this Court left that factual issue open for trial. -360 Dkt. No. 204.

The legal problem with Apple's argument is the possession by a third-party of only a *non-exclusive* right to sublicense – which is all Apple has alleged – would not have deprived a patent owner of Article III standing to sue for infringement. Although this legal issue was fully briefed in the Related Actions, this Court did not decide it. Rather, the Court's initial opinion, -360 Dkt. No. 164-2 at 7 n.2, said simply there was no clear-cut Federal Circuit authority on the point. And the reconsideration opinion, Dkt. No. 204, did not address this legal issue.

### C. *Lone Star* changed the law, vitiating Apple's argument.

On May 30, 2019, the Federal Circuit issued *Lone Star Silicon Innovations LLC v. Nanya Technology Corp.*, 925 F.3d 1225 (Fed. Cir. 2019). In that decision, the court held a recent Supreme Court decision, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), was irreconcilable with the Federal Circuit's existing jurisprudence as to standing and thus the latter had to be modified. *Lone Star*, 925 F.3d at 1234-36.

Specifically, *Lone Star* held constitutional standing and statutory standing (i.e., whether a party has all substantial rights in a patent) are separate issues, and statutory standing is not jurisdictional.

*Lone Star* acknowledged the Federal Circuit had "often treated 'statutory standing,' i.e., whether a party can sue under a statute such as §281, as jurisdictional." *Id*. at 1235. But in support of the conclusion *Lexmark* was irreconcilable with the Federal Circuit authority treating §281 as a jurisdictional requirement, *Lone Star* noted post-*Lexmark* decisions of other circuit courts had held ownership of a copyright was an issue of statutory, rather than Article III, standing. *Id*., citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015) and *John Wiley & Sons, Inc. v. DRK Photo*, 882 F.3d 394, 402 n. 4 (2d Cir. 2018).

*Lone Star* then concluded "[w]e therefore firmly bring ourselves into accord with *Lexmark* and our sister circuits by concluding that whether a party possesses all substantial rights in a patent does not implicate standing or subject-matter jurisdiction." 925 F.3d at 1235-36.

Because statutory standing is no longer considered jurisdictional, a defect in a plaintiff's statutory standing as of the filing date does not deprive the court of jurisdiction. Non-jurisdictional defects can be corrected after suit is filed. *Mentor H/S, Inc. v. Med. Device Alliance, Inc*., 240 F.3d 1016, 1018-19 (Fed. Cir. 2001). Here, the addition of Uniloc 2017, which owns all rights in the patent, would cure any pre-existing defect in statutory standing.

Thus, the only remaining issue as to whether this Court has subject matter jurisdiction when these actions were filed is whether Legacy Plaintiffs had *Article III* standing as of the filing date. If Legacy Plaintiffs had Article III standing then, this Court then had, and continues to have, subject matter jurisdiction.

When this action was filed, Legacy Plaintiffs *owned* the patent. In response to the previous filing of this Motion, Apple tacitly acknowledged that as of the date this action was filed, Legacy Plaintiffs not only had the sole right to bring suit for infringement, but also had the right to sublicense anyone, including Apple itself -- in other words, to "indulge" Apple's infringement.

Even if Fortress had a *non-exclusive* right to sublicense (an argument this Court has rejected), it is undisputed Legacy Plaintiffs themselves also had a right to sublicense, in addition to the exclusive right to bring suit for infringement. *Lone Star* defined "exclusionary rights" as

encompassing more than simply a right to exclude, and found rights of the type Legacy Plaintiffs owned were more than sufficient to satisfy Article III:

> "[E]xclusionary rights" involve the ability to exclude others from practicing an invention or to "forgive activities that would normally be prohibited under the patent statutes."[citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332 (Fed. Cir. 2007)]…These rights distinguish Lone Star from the plaintiff in *Morrow*, who lacked the ability to grant licenses or "forgive" infringement. Lone Star also alleged that Appellees infringe its exclusionary rights. And it is clear that a court could redress an injury caused by that infringement. This is enough to confer standing at the pleadings stage.

*Lone Star*, 925 F.3d at 1234.

Apple does not dispute that on the date this action was filed (and continuing through May 2018) Legacy Plaintiffs had a right to sublicense the patent-in-suit and to "forgive" infringement. The above quotation from *Lone Star* establishes the ability to grant licenses or forgive infringement (which Legacy Plaintiffs indisputably had) is considered an "exclusionary right," as the court has chosen to define that term. And an exclusionary right, as *Lone Star* thus defines it, is all that is needed for constitutional standing.

Even prior to *Lone Star*, when the Federal Circuit was still treating statutory standing as jurisdictional, that court repeatedly held the nonexclusive right of a third-party to grant sublicenses did not deprive the patent owner of standing.

For example, in *Aspex Eyewear, Inc. v. Miracle Optics, Inc.*, 434 F.3d 1336, 1342 (Fed. Cir. 2006), the court held Contour, the original patent owner, had constitutional standing, despite having transferred to another person "the exclusive right to make, use, and sell" products covered by the patent and a "virtually unfettered right to sublicense all of its rights to a third-party," *id.*, at 1338-39, 1341-42.

In *AsymmetRx, Inc. v. Biocare Medical, Inc.*, 582 F.3d 1314 (Fed. Cir. 2009), the original owner (Harvard, a nonparty) was held to have constitutional standing, even though it had transferred to a licensee (AsymmetRx) the right to grant a sublicense. 582 F.3d at 1316. The court required Harvard be joined as a party.

In *Prima Tek II, L.L.C. v. A-Roo Company*, 222 F.3d 1372 (Fed. Cir. 2000), the original owner (Southpac) was held to have constitutional standing, even though another person (Prima Tek II) had a contractual right to grant additional sublicenses. 222 F.3d at 1375.

In *Alfred E. Mann Foun. for Science v. Cochlear Corporation,* 604 F.3d 1354 (Fed. Cir. 2010), the original owner (AMF) retained constitutional standing, even though it may have transferred to an exclusive licensee (AB) a right to grant sublicenses to "defendants sued by AMF." 604 F.3d at 1362.

And *Lone Star* itself found Article III jurisdiction where another party had an unfettered right to sublicense entities not listed in the patent assignment agreement. 925 F.3d at 1228.

### Relief requested

This Court should issue an order 1) adding Uniloc 2017 LLC as a party and 2) declaring it has subject matter jurisdiction over the action.

Date: October 1, 2020

Respectfully submitted,

*/s/ James J. Foster*
Aaron S. Jacobs (Cal. Bar No. 214953)
ajacobs@princelobel.com
James J. Foster
jfoster@princelobel.com
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
617-456-8000

Matthew D. Vella (Cal. Bar No. 314548)
mvella@princelobel.com
**PRINCE LOBEL TYE LLP**
357 S Coast Highway, Suite 200
Laguna Beach, CA 92651

Attorneys for Plaintiffs