UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNILOC USA, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant.<br><br>IN RE SUBPOENA TO FIG LLC | Case No. 18-cv-00358-WHA (DMR)<br><br>Related Case: 20-mc-80078 WHA (DMR)<br><br>**ORDER FOLLOWING IN CAMERA REVIEW** |

　　　　On August 13, 2020, the court held a hearing on the parties' joint discovery letter. [Docket Nos. 151, 153 (Minute Order).] At the hearing, the court ordered third party Fortress Credit Corp. ("Fortress") to produce a May 6, 2017 investment memorandum to Defendant Apple Inc. ("Apple"). The court instructed Fortress to leave certain portions unredacted and to provide a privilege log if it made redactions to the remaining portions. In the event of a dispute, Fortress was ordered to lodge the unredacted document and privilege log for in camera review. Fortress timely lodged the document and privilege log, which the court has now reviewed.

　　　　As an initial matter, it appears that Fortress redacted large portions of the 14-page memorandum on relevance grounds. This includes the information on page 4 below the heading "Auto Group Technology," and the information below the heading "Auto Group Portfolio Overview," which starts on page 4 and goes through the first full paragraph beneath the graphic on page 8. In general, large-scale redactions based on relevance are not appropriate. *See, e.g., Martinelli v. Johnson & Johnson*, No. 2:15-cv-1733 MCE DB, 2017 WL 9496074, at *1-2 (E.D. Cal. Feb. 13, 2017) (ordering submission of a redaction log and noting "the court does not welcome the unilateral editing of documents produced in discovery" (quotation and citation

omitted)). Such redactions can also make it difficult for a reviewing party to understand the context of the document. However, having carefully reviewed those redactions, the court allows them because they are not related to the claims and defenses in this action.

Fortress asserts the attorney-client privilege over the remaining redacted material on pages 4, 8, 9, 10, and 11. Fortress contends that these redactions contain "legal analysis prepared by Erik Smith, Fortress in-house counsel, of Intellectual Property, and Patent Litigation Campaign," which was incorporated into the memorandum. The memorandum was then disseminated to Fortress employees.

Federal privilege law applies here. *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839 (9th Cir. 2005). The federal attorney-client privilege is narrow. It protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted); *see Vasudevan Software, Inc. v. IBM Corp.*, No. 09-cv-5897-RS (PSG), 2011 WL 1599646, at *1 (N.D. Cal. Apr. 27, 2011). The attorney-client privilege applies under the following circumstances: (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Richey*, 632 F.3d at 566 (brackets, citation, and quotation marks omitted). The privilege is "narrowly and strictly construed," and the party asserting it bears the burden of proving that it applies. *Vasudevan Software*, 2011 WL 1599646, at *1 (footnotes and quotation marks omitted); *accord United States v. Bergonzi*, 216 F.R.D. 487, 493 (N.D. Cal. 2003) (holding that party asserting privilege "must make a prima facie showing" that privilege applies) (citing *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992)); *see Richey*, 632 F.3d at 566. The privilege protects only communications, and not underlying facts. *Upjohn v. United States*, 449 U.S. 383, 396 (1981) (finding that a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney") (citations omitted).

It is far from clear that Fortress properly asserted the attorney-client privilege with respect

2

to the remaining redactions.  The privilege is narrow.  It applies to communications between lawyers and their clients made in confidence for the purpose of securing legal advice from the lawyer.  *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996).  While "[c]ommunications between a client and its outside counsel are presumed to be made for the purpose of obtaining legal advice . . . in-house counsel may serve in either a legal or a business capacity." *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065, 1073-74 (N.D. Cal. 2002).  "Because in-house counsel may operate in a purely or primarily business capacity in connection with many corporate endeavors, the presumption that attaches to communications with outside counsel does not extend to communications with in-house counsel." *Id*. at 1076.  Therefore, Fortress bears the burden of "mak[ing] a 'clear showing' that the 'speaker' made the communications for the purpose of obtaining or providing legal advice." *See id*.  While many of the redacted portions of Fortress's memorandum contain references to litigation, it is not clear that these references constitute communications related to securing legal advice, as required to invoke the privilege.

Even if Fortress ultimately is able to establish the privilege, it has improperly redacted factual material.  For example, while the two paragraphs under "Intellectual Property Update" on page 4 make reference to litigation, they also contain purely factual statements about Plaintiff Uniloc's patent portfolio.  Similarly, pages 8, 9, and 10 contain a number of factual descriptions of Uniloc's patents.  These redacted portions do not fall within the privilege, which must be "narrowly and strictly construed." *See Vasudevan Software*, 2011 WL 1599646, at *1.

//
//
//
//
//
//
//
//
//

3

Therefore, the court orders the following: Fortress shall review the redactions it made on the basis of attorney-client privilege in light of the authority set forth above. If it determines that it cannot support the assertion of that privilege, it shall produce the document to Apple by October 13, 2020 and may only redact the approved relevance redactions. If Fortress contends that it properly asserted the attorney-client privilege, it shall relodge narrowly-tailored redactions by no later than October 14, 2020 for in camera review, along with a sworn declaration(s) with specific evidence to support each assertion of attorney-client privilege, going redaction-by-redaction. The court will take the matter under submission or order further evidence and/or briefing if necessary.

**IT IS SO ORDERED.**

Dated: October 9, 2020



Donna M. Ryu
United States Magistrate Judge