# EXHIBIT F

*Execution*

### THIRD AMENDMENT TO
### REVENUE SHARING AND NOTE AND WARRANT PURCHASE AGREEMENT

This THIRD AMENDMENT TO REVENUE SHARING AND NOTE AND WARRANT PURCHASE AGREEMENT (this "Amendment") is dated as of May 15, 2017 (the "Third Amendment Effective Date") among Uniloc USA, Inc. a Texas corporation ("Issuer"), Uniloc Luxembourg S.A., a public limited liability company (*société anonyme*), incorporated under the laws of the Grand Duchy of Luxembourg, with registered office at 14, rue Edward Steichen, L-2540 Luxembourg, Grand Duchy of Luxembourg and registered with the Luxembourg Register of Commerce and Companies (R.C.S. Luxembourg) under number B 159.161 ("Uniloc Lux"), Uniloc Corporation PTY Limited ("Uniloc Aus") and D/A Investment Holdings LLC (together with Uniloc Lux and Uniloc Aus, the "Guarantors", and, collectively, with Issuer, the "Company" and each, a "Company"), Fortress Credit Co LLC as collateral agent (the "Collateral Agent") and the CF DB EZ LLC (which is the successor by assignment of the initial Purchaser Fortress Credit Co LLC)(as Purchaser of the Term A and Term B Notes, and together with its successors and assigns, the "Term A/B Purchaser") and CF DB EZ 2017 LLC (as Purchaser of the Term C Notes, and together with its successors and assigns, the "Term C Purchaser")(such Purchasers together with their successors and assigns, the "Purchasers"), and amends that certain Revenue Sharing and Note and Warrant Purchase Agreement between the Company, the Collateral Agent and the Purchasers as of December 30, 2014 (such Agreement amended hereby and as previously amended by that certain FIRST AMENDMENT TO REVENUE SHARING AND NOTE AND WARRANT PURCHASE AGREEMENT dated February 24, 2015, that certain SECOND AMENDMENT TO REVENUE SHARING AND NOTE WARRANT PURCHASE AGREEMENT dated as of May 27, 2016 and as may be further amended, supplemented or otherwise modified and in effect from time to time, the "Agreement").[1]

WHEREAS, on December 30, 2014, the Issuer issued to the Term A/B Purchaser $10,000,000 in original principal amount of Notes along with the Revenue Stream, and on May 27, 2016, the Issuer issued to the Term A/B Purchaser an additional $6,000,000 in original principal amount of Notes, which issuance resulted in an increase in the amounts payable to the Term A/B Purchaser with respect to the Revenue Stream;

WHEREAS, all of the Note Obligations owing with respect to the Notes issued on December 30, 2014 have been paid in full other than the Termination Fee related to such Notes, and approximately $4,000,000 has been paid with respect to the Revenue Stream;

WHEREAS, no principal payments or payments with respect to the related Termination Fee have been made with respect to the Notes issued on May 27, 2016, and the outstanding amount of principal with respect to such Notes as of the date hereof is $6,170,158.94;

---

[1]   Capitalized terms used and not otherwise defined in this Amendment shall have the meanings specified in the Agreement.

62201773_14

**HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY**          **UNILOC_APPLE_2017_18265**

3.03 <u>Due Authorization</u>.  The execution, delivery, and performance by the Company of this Amendment having been duly authorized by all necessary corporate or other organizational action on the part of the Company and not (i) violating any material provision of federal, state, or local law or regulation applicable to the Company, the Governing Documents of the Company or its Subsidiaries, or any order, judgment, or decree of any court or other Governmental Authority binding on the Company or its Subsidiaries, (ii) conflicting with, resulting in a breach of, or constituting (with due notice or lapse of time or both) a default under any material agreement of the Company or its Subsidiaries where any such conflict, breach or default could individually or in the aggregate reasonably be expected to have a Material Adverse Effect, (iii) resulting in or require the creation or imposition of any Lien of any nature whatsoever upon any assets of the Company, other than Permitted Liens, or (iv) requiring any approval of any holder of Capital Stock of the Company or any approval or consent of any Person under any material agreement of the Company, other than consents or approvals that have been obtained and that are still in force and effect.

3.04 <u>Expenses</u>.  The Company having paid all fees and expenses (including attorneys' fees and expenses) incurred by the Collateral Agent or the Purchasers in connection with the preparation, negotiation, execution and delivery of this Amendment or otherwise due under the Agreement.  The Company agrees to promptly pay any additional such amounts invoiced following the effectiveness of the Amendment.

3.05 <u>Schedule 4.5. to the Security Agreement.</u> The Company shall deliver an updated Schedule 4.5 to the Security Agreement, which shall be attached hereto as <u>Exhibit II</u>.

**Section 4.**   <u>Miscellaneous</u>.  Except as specifically amended or waived above, the Agreement and the other Documents shall remain unchanged and in full force and effect and are hereby ratified and confirmed.  The execution, delivery and effectiveness of this Amendment shall not operate as a waiver of any right, power or remedy of the Collateral Agent or any Purchaser under the Agreement or any Document, nor constitute a waiver of any provision of the Agreement or any Document.  This Amendment is a Document for all purposes of the Agreement.  This Amendment may be executed in any number of counterparts, and by different parties hereto on separate counterpart signature pages, and all such counterparts taken together shall be deemed to constitute one and the same instrument.  Delivery of a counterpart signature page by facsimile transmission or by e-mail transmission of an Adobe portable document format file (also known as a *"PDF"* file) shall be effective as delivery of a manually executed counterpart signature page.  Section headings used in this Amendment are for reference only and shall not affect the construction of this Amendment.

**Section 5.**   <u>Governing Law</u>.  This Amendment, and any issue, claim or proceeding arising out of or relating to this Amendment or the conduct of the parties hereto, whether now existing or hereafter arising and whether in contract, tort or otherwise, shall be governed by and construed in accordance with the laws of the State of New York.

HIGHLY CONFIDENTIAL ATTORNEYS EYES ONLY                    UNILOC_APPLE_2017_18273