# EXHIBIT N

EXECUTION

# PATENT LICENSE AGREEMENT

THIS PATENT LICENSE AGREEMENT (the "**Agreement**") is made and entered into effective as of December 30, 2014 by and among:

**Uniloc Luxembourg, S.A.**, a public limited liability company (*société anonyme*), incorporated under the laws of the Grand Duchy of Luxembourg, with registered office at 15, rue Edward Steichen, L-2540 Luxembourg, Grand Duchy of Luxembourg and registered with the Luxembourg Register of Commerce and Companies (R.C.S. Luxembourg) under number B 159.161 ("**Uniloc Lux**");

**Uniloc USA, Inc.**, a Texas corporation having its principal place of business located at 7160 Dallas Parkway, Suite 380, Plano, TX 75024 ("**Uniloc USA**" and, collectively with the Uniloc Lux, "**Licensor**"); and

**Fortress Credit Co LLC**, an entity incorporated under the laws of Delaware having its principal place of business located at 1345 Avenue of the Americas, 46th Floor, New York, NY 1005 ("**Licensee**").

Licensor and Licensee are sometimes referred to herein individually as a "**Party**" and collectively as the "**Parties**".

**WHEREAS**, pursuant to the License and Services Agreement (the "**Existing License Agreement**"), effective as of January 1, 2013, between Uniloc Lux and Uniloc USA, Uniloc Lux has licensed certain patents to Uniloc USA and Uniloc USA has agreed to provide certain services to Uniloc Lux; and

**WHEREAS**, the Parties have entered into (i) the Revenue Sharing and Note and Warrant Purchase Agreement, dated as of the date hereof (as it may be amended, restated, supplemented or otherwise modified from time to time, the "**Purchase Agreement**"), by and among the Licensor, Uniloc Corporation PTY Limited, the Purchasers (including the Licensee) and the Licensee, acting as the Collateral Agent and (ii) the Security Agreement, dated as of the date hereof (as it may be amended, restated, supplemented or otherwise modified from time to time, the "**Security Agreement**"), by and among the Grantors (as defined therein, including Licensor) and the Licensee, acting as the Collateral Agent;

**WHEREAS**, in consideration of the investments set forth in the Purchase Agreement, Licensor agreed to grant certain rights, including rights to license patents and patent applications, to the Licensee for the benefit of the Secured Parties; and

**WHEREAS,** Licensor is the owner of certain patents and patent applications identified in Schedule I(a) of the Purchase Agreement (as updated from time to time), which Schedule I(a) shall be an integral part of this Agreement; and

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and agreements contained herein, the Parties hereto agree as follows:

47666641_3

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY        UNILOC_APPLE_2017_18366

## 1. Definitions

In this Agreement, the following terms shall have the assigned meaning. Capitalized terms used in this Agreement but not defined herein shall have the meaning given to them in the Purchase Agreement and/or the Security Agreement, as applicable.

"**Licensed Patents**" shall mean the Patents listed on Schedule I(a) of the Purchase Agreement, as updated from time to time.

## 2. License

2.1 Subject to the terms and conditions herein and in the Purchase Agreement, Licensor hereby grants to Licensee a non-exclusive, transferrable, sub-licensable, divisible, irrevocable, fully paid-up, royalty-free, and worldwide license to the Licensed Patents, including, but not limited to, the rights to make, have made, market, use, sell, offer for sale, import, export and distribute the inventions disclosed in the Licensed Patents and otherwise exploit the Licensed Patents in any lawful manner in Licensee's sole and absolute discretion solely for the benefit of the Secured Parties ("**Patent License**"), provided that Licensee shall only use the Patent License following an Event of Default.

2.2 If Licensee elects to grant any sublicense(s) pursuant to the Patent License in Section 2.1, Licensee shall (x) obtain the prior written approval of Licensor before entering into any sublicense agreement imposing financial obligations or restrictions on Licensor and (y) provide written notice within fifteen days of entering into any sublicense agreement.

2.3 Notwithstanding any term contained in the Existing License Agreement, Uniloc USA hereby consents to the present grant by both Uniloc Lux and Uniloc USA of a license of the Licensed Patents to the Licensee as set forth herein.

## 3. Representations, Warranties and Acknowledgements

3.1 Each Party represents, warrants and covenant to the other that the execution, delivery and performance of this Agreement is within each Party's powers and has been duly authorized.

3.2 Licensor hereby represents, warrants and covenant that it is the sole and exclusive owner of all rights, title and interest in and to the Licensed Patents.

3.3 EXCEPT AS EXPRESSLY PROVIDED HEREIN, NEITHER PARTY MAKES ANY WARRANTIES OF ANY KIND, WHETHER EXPRESS, IMPLIED, STATUTORY OR OTHERWISE, AND EACH PARTY SPECIFICALLY DISCLAIMS ALL IMPLIED WARRANTIES, INCLUDING ANY WARRANTIES OF MERCHANTABILITY, NON-INFRINGEMENT OR FITNESS FOR A PARTICULAR PURPOSE OR THAT ARISE BY COURSE OF DEALING OR BY REASON OF CUSTOM OR USAGE IN THE TRADE, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW.

3.4 Notwithstanding anything to the contrary in this Agreement, no Party shall be liable to the other or any third party for any indirect, incidental, exemplary, special, punitive or

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY          UNILOC_APPLE_2017_18367

consequential damages (including with respect to lost revenue, lost profits or savings or business interruption) of any kind or nature whatsoever suffered by the other Party or any third party howsoever caused and regardless of the form or cause of action, even if such damages are foreseeable or such party has been advised of the possibility of such damages.

4. **Infringement**

   Upon request, Licensee shall notify Licensor of any infringement of the Licensed Patents by third parties of which Licensee become aware. Licensor shall have the sole right, at its expense, to bring any action on account of any such infringement of the Licensed Patents, and Licensee shall reasonably cooperate with Licensor, as Licensor may request and at Licensor's expense, in connection with any such action brought by Licensor.

5. **Termination**

   5.1  The Parties may terminate this Agreement at any time by mutual written agreement executed by both Parties provided that any sublicenses granted hereunder prior to the termination of this Agreement shall survive according to the respective terms and conditions of such sublicenses.

   5.2  The Agreement shall end after the later of (x) the expiration of the last Licensed Patent to expire, (y) the date on which all statutes of limitations have fully run for bringing infringement claims under the Licensed Patents and (z) the termination of any sublicensing agreement by Licensee with regards to the Licensed Patents. Breach(es), material or otherwise, of this Agreement by either Party or any other Person will not constitute grounds by which this Agreement may be terminated.

6. **Survival**

   Any rights and obligations which by their nature survive and continue after any expiration or termination of this Agreement will survive and continue and will bind the Parties and their successors and assigns, until such rights are extinguished and obligations are fulfilled.

7. **Statement of Intent With Respect to Bankruptcy.**

   The Parties intend that the licenses granted under this Agreement are, and shall otherwise be deemed to be, for purposes of Section 365(n) of the United States Bankruptcy Code, 111 U.S.C. § 101, et seq. ("**Bankruptcy Code**"), licenses of rights to "intellectual property" as defined in the Bankruptcy Code.

8. **Assignment**

   Licensee and each of its sublicensees may, without the consent of Licensor, assign any or all of their rights and interests, and delegate any or all of their obligations without restriction. The rights and obligations of the Parties hereto shall inure to the benefit of,

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY                    UNILOC_APPLE_2017_18368

and be binding and enforceable upon and by, the respective successors and assigns of the Parties.

9. **Entire Agreement and Construction**

This Agreement along with the pertinent provisions of the Purchase Agreement and the other Documents constitute the sole, final and entire understanding of the parties hereto concerning the subject matter hereof, and all prior understandings having been merged herein. This Agreement cannot be modified or amended except by a writing signed by the Parties hereto. The language used in this Agreement will be deemed to be the language chosen by the Parties hereto to express their mutual intent, and no rule of strict construction will be applied against any Party.

10. **Severability**

The provisions of this Agreement shall be deemed severable and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the other provisions hereof. If any provision of this Agreement, or the application thereof to any Person or any circumstance, is invalid or unenforceable, (a) a suitable and equitable provision shall be substituted therefor in order to carry out, so far as may be valid and enforceable, the intent and purpose of such invalid or unenforceable provision and (b) the remainder of this Agreement and the application of such provision to other Persons or circumstances shall not be affected by such invalidity or unenforceability, nor shall such invalidity or unenforceability affect the validity or enforceability of such provision, or the application thereof, in any other jurisdiction.

11. **Notices**

All notices, requests, claims, demands, and other communications hereunder shall be in writing and shall be given (and shall be deemed to have been duly given upon receipt) by delivery in person, or by overnight delivery service from a recognized carrier, to the respective Party as follows:

if to Licensor:

> 7160 Dallas Parkway, Suite 380
> Plano, TX 75024
> Attn: Craig Etchegoyen and Sean Burdick

With a copy to:

> Jeffrey C. Anderson
> Gray Plant Mooty
> 500 IDS Center
> 80 South Eighth Street
> Minneapolis, MN 55402
> Tel: 612-632-3000

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY                                    UNILOC_APPLE_2017_18369

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the date first written above.

**UNILOC USA, INC.**
as Uniloc USA

By: _____
Name:  Sean D. Burdick
Title:  President


**UNILOC LUXEMBOURG S.A.**
as Uniloc Lux

By: _____
Name:  Craig Etchegoyen
Title:  CEO

[Signature Page to Patent License Agreement]

FORTRESS CREDIT CO LLC,
as Licensee

By: _____
Name: CONSTANTINE M. DAKOLIAS
Title: PRESIDENT

[Signature Page to Patent License Agreement]

HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY                    UNILOC_APPLE_2017_18373