Alexandra Moss (SBN 302641)
alex@eff.org
Aaron Mackey (SBN 286647)
amackey@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Tel.:  (415) 436-9333
Fax.: (415) 436-9993

Attorneys for Intervenor
ELECTRONIC FRONTIER FOUNDATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FANCISCO DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG, S.A.,<br><br>     Plaintiffs,<br><br> v.<br><br>APPLE INC.,<br><br>     Defendant. | Case Nos.: 3:18-cv-00360 (WHA)<br>     3:18-cv-00358 (WHA)<br>     3:18-cv-00363 (WHA)<br>     3:18-cv-00365 (WHA)<br>     3:18-cv-00572 (WHA)<br><br>**REPLY IN SUPPORT OF THIRD MOTION OF ELECTRONIC FRONTIER FOUNDATION TO INTERVENE FOR LIMITED PURPOSE OF OPPOSING MOTIONS TO SEAL**<br><br>Date:  December 17, 2020<br>Time:  8:00 AM<br>Courtroom 12, 19th Floor<br>Honorable William Alsup |

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................. ii

I.    INTRODUCTION ................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 3

   A.   Uniloc Failed to Acknowledge, Let Alone Overcome, the Strong Presumption of
      Public Access that Attaches to Court Records and Proceedings. .........................3

   B.   Uniloc's Opposition Rehashes Arguments and Evidence this Court Has Rejected
      Twice. ..................................................................................................................5

      1.   Uniloc's Conclusory Assertions Do Not Establish Concrete or Particular Reasons for
         Secrecy. ......................................................................................................5

      2.   Blanket protective orders without more do not justify sealing. ....................5

      3.   Uniloc Has Failed to Show Basic Licensing Information is a Trade Secret.................6

      4.   Patent Licensing Information Is Not Per Se Sealable. ....................................7

   C.   Uniloc Failed to Justify Sealing Court Records, Including an Entire Exhibit, Filed
      with Apple's New Motion to Dismiss ...................................................................8

      1.   Uniloc Failed to Justify Sealing an Entire Documentary Exhibit. ................8

      2.   Uniloc Cannot Seal Witness Testimony That Has Been Publicly Disclosed. ............10

   D.   Denying Uniloc's Sealing Requests in Full Will Provide the Relief EFF Seeks and
      Vitiate the Need for Further Intervention Unless Uniloc Appeals. ..................10

   E.   The Court Should Deny Uniloc's Request to Sanction EFF for Seeking to
      Vindicate the Public's Right to Access Improperly Sealed Court Records.......................12

III.  CONCLUSION........................................................................................................ 14

# TABLE OF AUTHORITIES

Page

**CASES**

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,

   No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923 (S.D. Ind. Jan. 16, 2007).................................... 13

*Courthouse News Serv. V. Planet*,

   947 F.3d 581 (9th Cir. 2020) ................................................................................................ 4, 13

*Ctr. For Auto Safety v. Chrysler Grp., LLC*,

   809 F.3d 1092 (9th Cir. 2016) ..................................................................................................... 5

*Foltz v. State Farm Mut. Auto. Ins. Co.*,

   *331 F.3d 1122 (9th Cir. 2003)* ..................................................................................................... 6

*In re Violation of Rule 28(D)*,

   635 F.3d 1352 (2011)..................................................................................................... 4, 12, 14

*Kamakana* v. City & Cty. of Honolulu,

   447 F.3d 1172 (9th Cir. 2006) ......................................................................................... 3, 6, 11

*Nevro Corp. v. Bos. Sci. Corp.*,

   312 F. Supp. 3d 804 (N.D. Cal. 2018) ...................................................................................... 14

*Nixon v. Warner Commc'ns, Inc.*,

   435 U.S. 589(1978)...................................................................................................................... 4

*Phoenix Newspapers v. U.S. District Court*,

   156 F.3d 940 (9th Cir. 1998) ..................................................................................................... 11

*Richmond Newspapers, Inc. v. Virginia*,

   448 U.S. 555 (1980)...................................................................................................................... 4

*Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*,

   No. cv-19-2216-RGA, 2019 WL 6910264 (D. Del. Dec. 19, 2019) .......................................... 13

ii

*Uniloc 2017 LLC v. Apple, Inc.*,

    964 F.3d 1351 (Fed. Cir. 2020) ............................................................................... *passim*

*Uniloc v. Google*,

    No. 4:20-cv-05345-YGR (N.D. Cal.) ........................................................................... 10

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,

    No. 14-CV-04050-MEJ, 2017 WL 4865558 (N.D. Cal. Oct. 27, 2017) ........................... 6

*USB Techs. v. Piodata, Inc.*, No. CV 19-8369-GW (ASx), 2018 WL 8807790 (C.D. Cal., Dec. 31,

    2019) ............................................................................................................................... 9

**RULES**

N.D. Cal. Civil L. R. 79-5(d) ....................................................................................... 11

N.D. Cal. Civil L.R. 7–8 .............................................................................................. 14

# I.     INTRODUCTION

Nothing in Uniloc's opposition should alter this Court's previous conclusion that the public's right of access to judicial records requires unsealing the materials that remain at issue. Uniloc has had four opportunities to justify its ongoing sealing of third-party materials by demonstrating that compelling reasons justify overcoming the public's presumptive right of access. It has failed each time to do so, including in its opposition, which does not provide any new facts or legal argument to meet Uniloc's burden to maintain these materials under seal. The Court should thus grant EFF's unsealing motion and make these materials public.

Uniloc's opposition continues to get the public's presumptive right of access backwards. Uniloc argues as though it were entitled to seal court records, and the public has the burden to prove it needs access. The Federal Circuit has already corrected Uniloc's cramped interpretation of the law: the public has access by default, and the proponent of sealing must prove compelling reasons for secrecy exist to override that presumption.

EFF's renewed motion asked this Court to unseal three categories of records: (1) briefs and exhibits that the Court refused to seal—a decision the Federal Circuit affirmed; (2) third-party materials that the Federal Circuit remanded to make particularized determinations about what could be sealed, and (3) materials filed with Apple's motion to dismiss in a related case. After EFF filed its motion, Uniloc filed public versions of the materials that the Federal Circuit affirmed should be unsealed. Hence, only the third-party materials subject to the Federal Circuit's remand order and the materials filed under seal in support of Apple's motion to dismiss remain at issue.

With respect to third-party materials on remand, Uniloc has submitted no new evidence or argument, relying again on the same generalized assertions this Court has rejected twice before. But the Federal Circuit demanded more in its remand, requiring Uniloc to put forward

evidence and argument that would permit a more particularized showing regarding whether and to what extent the materials could be unsealed. Rather than making particularized showings for redacting certain information or specific records, Uniloc's sealing request remains overbroad. It asks this Court to keep secret basic licensing information, like the dates of its patent licenses, even when those third-party licensees agree that information can be made public. This falls short of justifying broad oversealing of the third-party materials.

Uniloc's sealing requests in connection with Apple's new motion to dismiss are similarly deficient. Again, they are overbroad: Uniloc is asking to seal an entire exhibit and information publicly disclosed, at least in part, on other case dockets. Uniloc's sealing requests are also devoid of support: conclusory, self-serving assertions provided by Uniloc's counsel and licensees do not establish the compelling reasons necessary to rebut the public's presumptive right of access. The assertions provided by Uniloc's licensees are similarly conclusory and self-serving, but they also fail to show the sealed materials contain trade secrets or anything that could harm their competitive standing if disclosed. Third, given this Court granted Apple's motion to dismiss last week, the public's right of access to these materials is all the more urgent, particularly given that the motion and evidence filed with it convinced this Court to change its standing decision.

Uniloc is correct that the key touchstone of public access to judicial records is to ensure judicial accountability and public confidence in the administration of justice. But those principles show why the public's access to this information outweighs Uniloc and Fortress's vague and conclusory claims to need to blanket secrecy in litigation they initiated.

Rather than recognize its own intransigence and failure to comply with the public's right of access, Uniloc asks this Court to sanction EFF. This is absurd. Uniloc is not just asking this Court to sanction EFF, a nonprofit organization, for seeking to vindicate the public's right of access. Uniloc is also sending a message to the broader public: assert your rights to access

2

judicial records at your own peril of being subject to sanctions. The Court should not countenance such behavior or join Uniloc's effort to chill the public's right of access.

Moreover, Uniloc's arguments for sanctions are specious. The Court's previous denials of EFF's motions to intervene had the practical effect of granting EFF and the public all the relief sought in those motions: access to judicial records. The Court's denials make sense in light of the fact that EFF has no desire to be a party to the underlying patent dispute.

EFF would gladly accept denial of its intervention request should the Court once more agree to unseal judicial records. The Court's previous orders also demonstrate the futility of Uniloc's sanctions argument: EFF supports those decisions—including defending them on appeal—and therefore does not want them to be reconsidered. In any event, as a non-party, EFF cannot move for reconsideration of the Court's previous orders under the Local Rules. And the Local Rules require Uniloc to move for sanctions in a separate motion rather than raising it obliquely in its opposition.

## II.   ARGUMENT

### A.   Uniloc Failed to Acknowledge, Let Alone Overcome, the Strong Presumption of Public Access that Attaches to Court Records and Proceedings.

Uniloc continues to argue that the presumption of public access is limited to information in court filings that the public *needs* to verify a court's conclusion. *See* Dkt. 208 at 5–6. No authority supports that backwards argument. It is well-established that "judicial records are public documents almost by definition, and the public is entitled to access by default." *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1362 (Fed. Cir. 2020) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotation marks omitted).

As the Federal Circuit explained when rejecting Uniloc's presumption-flipping argument and affirming this Court's decision: "The district court was not required to seal any information that was not 'directly relevant' to its ruling on Apple's motion to dismiss; instead, all filings

3

were presumptively accessible, and it was Uniloc's duty to provide compelling reasons for shielding particular materials from public view." *Uniloc*, 964 F.3d at 1362. As the proponent of sealing, it is Uniloc's duty to show compelling reasons for keeping particular records under seal. As the representative of the public seeking—and thus lacking—access intervenor EFF has no such duty; if Uniloc fails to meet its burden, the default rule of public access applies and requires that records be unsealed.

The flaw in Uniloc's argument is best illustrated by the public's corollary right to access judicial proceedings. *See In re Violation of Rule 28(D)*, 635 F.3d at 1356 (recognizing common law presumption and constitutional right of access to "court proceedings" under *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597–99 (1978) and *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 579 (1980), respectively). The public has the right to access judicial proceedings for an important reason: the public needs to *observe* the judicial process to ensure public confidence and accountability in the administration of justice. Verifying outcomes is not enough: "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572. As the Ninth Circuit has held, "[c]itizens could hardly evaluate and participate in robust public discussions about the performance of their court systems if complaints—and, by extension, the very existence of lawsuits—became available only after a judicial decision had been made." *Courthouse News Serv. V. Planet*, 947 F.3d 581, 592 (9th Cir. 2020).

Courts do not close judicial proceedings and subsequently release details so that the public can verify a jury verdict or court ruling. That system would not ensure public confidence in court decisions, much less accountability. Yet that would be the result of Uniloc's presumption flipping. Instead, courts presume public access to their proceedings and records to ensure confidence in their acts and decisions.

4

**B.      Uniloc's Opposition Rehashes Arguments and Evidence this Court Has Rejected Twice.**

Despite its additional pages, Uniloc's Opposition offers no new evidence or argument for sealing third-party materials on the remand, relying instead on the original submissions with its Motion for Reconsideration. *See* Dkt. 168. The record before this Court has not changed. Neither should its decision to deny Uniloc's sealing requests in full.

Uniloc's reproduction of failed arguments shows it continues to miscomprehend the "stringent standard" applicable to its sealing requests. *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir. 2016)

. This Court concluded that Uniloc's submissions do not meet this stringent standard because the "supposed risk of (still) generalized competitive harm in future negotiations from disclosure did not and does not compellingly outweigh the public's interest in accessing this information." Dkt. 187 at 3.

**1.      *Uniloc's Conclusory Assertions Do Not Establish Concrete or Particular Reasons for Secrecy.***

The Federal Circuit's remand order requires "particularized determinations as to whether and, if so, to what extent, the materials of each of these parties should be made public." *Uniloc*, 964 F.3d at 1364. But Uniloc continues to provide generalized assertions instead of concrete evidence or articulate explanation. Uniloc has submitted many words and pages in support of its sealing requests, see Uniloc Dkt. 208 at 15, 18, but those words still offer conclusory assertions rather than concrete facts that could support particularized determinations on issues relevant to sealing.

**2.      *Blanket protective orders without more do not justify sealing.***

Without more, protective orders and confidentiality provisions cannot justify sealing court records. *See* Dkt. 199 at 7–8; Civ. L.R. 79-5(d)(1)(a). Regardless, Uniloc relies on blanket confidentiality provisions without more to justify sealing once again. *See* Dkt. 208 at 15–16. This reliance is misplaced: as this Court recognized when denying Uniloc's prior sealing requests, the fact that a "Settlement Agreement 'by its own terms' is designated confidential does not relieve

[the parties] of their burden to show compelling reasons to seal the document." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 4865558, at *5 (N.D. Cal. Oct. 27, 2017); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003) ("Because [the litigant] obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever.").

### 3. *Uniloc Has Failed to Show Basic Licensing Information is a Trade Secret.*

Uniloc asserts that the court records here contain or themselves are trade secrets. *See* Dkt. 208 at 8–9. But the third-party declarants—at least those who have submitted declarations the public can see—do not characterize the materials as identifiable trade secrets. Instead, they describe their information as confidential financial information. *See* Dkts. 168-6 ¶ 3 ("Avid considers the specific license terms it negotiates for third-party intellectual property licenses . . . to be confidential information of Avid."); 168-7 (describing settlement agreement details as "confidential," not trade secrets); 168-8 ¶ 2 ("The financial information (payment amount . . . is confidential and proprietary information of NEC."); 168-11 ¶ 10 ("The Settlement agreement contains [redacted] sensitive and confidential business information . . . ."). The same applies to the only publicly-available third-party declaration that uses the term, "trade secret." *See* Dkt. 168-5 ¶ 5 ("[A]s with all financial records, Allscripts considers [the amount it paid Uniloc] a trade secret.").

Describing information as "confidential" does not justify sealing court records. *See Kamakana*, 447 F.3d at 1183 ("[T]he United States should have been on notice that [the] confidential categorization of discovery documents under the protective order was not a guarantee of confidentiality, especially in the event of a court filing.").

Uniloc's opposition does not identify any particular assertions from its licensees that establish compelling reasons to seal basic information about patent licenses. Nor does it explain how the dates of patent licenses more than two years old could qualify as trade secrets, let alone

how any actually do in this case. Nor does it address EFF's arguments for why facts about patent licenses are not trade secrets. *See* Dkt. 199 at 11–12.

Instead, Uniloc emphasizes the "opportunity" associated with a trade secret under the Restatement's definition, but ignores the requirements that the information be (1) "used in one's business" and (2) advantageous "over competitors who do not know or use it." Dkt. 208 at 8 (quoting Rest. of Torts § 757, cmt. b (1939)).

As previously explained, this definition excludes basic facts about individual patent licenses such as the length of its duration or name of its licensee. *See* Dkt. 199 at 6–7. Regardless of how sensitive such information may be, Uniloc's patents convey exclusive rights that by definition have no substitute or competition. While third-party licensees presumably do have competitors, information about Uniloc's patent licenses will not advantage either side over the other. Both rivals will have to license Uniloc's patents. Uniloc is not entitled to extort licensees by getting courts to seal records that would reveal their inflated license rates.

Although Uniloc might in theory be harmed by the disclosure of low licensee fees to other third-parties, Uniloc's licensees will not. The names, dates, and amounts of Uniloc's licenses will not affect negotiations that do not involve Uniloc or its patents. Disclosing information about Uniloc's patent licenses will not cause competitive harm to Uniloc's licensees.

### 4.   *Patent Licensing Information Is Not Per Se Sealable.*

Uniloc does not cite any authority to support the argument that patent licensing information is sealable per se. *See* Dkt. 208 at 9. Nor is that approach consistent with the Federal Circuit's discussion of sealing in *Uniloc*, where it emphasized that "product-specific financial information, such as profit, cost, and margin data, as well as certain proprietary market research reports," may be sealable where, as in *Apple*, there are "detailed declarations describing both the competitive injury that would result if such information were disclosed and the significant efforts the[ parties] had made to keep their product-specific financial information confidential." *Uniloc*, 964 F.3d at 1361. Such detailed information is absent from the record here.

Product-specific financial information is similarly absent. That is not surprising: Uniloc does not make or sell any products, and therefore does not have information of this type, and does not participate in product markets where it could suffer competitive harm. *See* Dkt. 176 at 3–4.

However, neither EFF nor the public can see the seven sealed licensee declarations on which Uniloc relies. *See* Dkt. 168-2 at 5–10. EFF hopes the Court will scrutinize the sealed declarations carefully to make sure they establish facts sufficient in gravity and number to support sealing basic patent licensing information, and continue to consider the vast majority of licensees who have voiced no objection to disclosure, particularly in light of the presumption that such materials are public records. *See* Dkt. 208 at 16. Uniloc has no obligation to treat silence as objection rather than consent to disclosure. *See* Resp. at 16.

It is essential that the public be able to access information about patent licenses without themselves litigating all the way through trial. *See* Dkt. 199 at 9–10. Making this information accessible to the public will limit Uniloc's ability to demand outsize settlement and damages payments while ensuring it receives the reasonable royalty to which it is entitled under the law. Withholding access now may benefit Uniloc in the short term, but it will encourage abusive patent assertion and waste court resources for years to come.

**C. Uniloc Failed to Justify Sealing Court Records, Including an Entire Exhibit, Filed with Apple's New Motion to Dismiss**

**1. *Uniloc Failed to Justify Sealing an Entire Documentary Exhibit.***

Even if some portion of the Fortress Investment Memorandum might be sealable, Uniloc cannot justify sealing the entire document based on vague and conclusory assertions of counsel. There must be portions, such as the date and signature line, that convey no confidential information and could therefore be disclosed. Instead, Uniloc asserts that this information is considered confidential by Fortress and unknown to others such that disclosure would "harm

Fortress's ability to negotiate and further deal with Uniloc." Dkt. 208. at 19. That makes no sense: Fortress and Uniloc have already negotiated the deals to which the memorandum pertains. Unexplained is how Uniloc or anyone else could use Fortress's analysis to gain advantage in a concluded negotiation with Uniloc or future negotiation with any other entity.

Such assertions "fail[] to provide a sufficiently compelling reason supported by specific factual findings that overcome the presumption of access, especially considering that plaintiffs seek to seal the entire document." Dkt. 176 at 4.

Uniloc asserts that disclosing the sealed Fortress Investment Memorandum and portions of witness deposition testimony would harm future negotiations, including between Fortress and Uniloc. But Fortress and Uniloc have already negotiated the deals to which the memorandum pertains; public disclosure would not disadvantage either rival. Unexplained as well is how anyone could use Fortress's analysis to gain advantage in a concluded negotiation with Uniloc or future negotiation with any other entity.

Also unexplained is the basis for Uniloc's knowledge of what the Fortress Investment Memorandum contains and if its disclosure might cause concrete harm. According to Uniloc, Mr. Jacobs and Mr. Foster are competent to attest to Fortress's claims of confidentiality, but they are also Uniloc's litigation counsel. *Id.* at 18 – 19. Counsel declarations may serve many purposes, but they cannot establish facts that have no documentary support or evidentiary basis. *See, e.g., USB Techs. v. Piodata, Inc.*, No. CV 19-8369-GW (ASx), 2018 WL 8807790 (C.D. Cal., Dec. 31, 2019) (refusing to order default judgment because "the only basis to support the relief requested is the attached declaration of Plaintiff's counsel").

To support the sealing requests granted in *Apple*, the parties submitted "detailed declarations describing both the competitive injury that would result if such information were disclosed and the significant efforts the[ parties] had made to keep their product-specific financial information confidential." *Uniloc*, 964 F.3d at 1361. Uniloc has submitted nothing of this kind.  Mr. Jacobs' declaration is uncompelling not only because comes from counsel, but

also because it does not provide any concrete details about the competitive harm at issue or efforts taken to keep this information confidential. Among other omissions is any indication as to whether Uniloc's attorneys signed a non-disclosure agreement when receiving Fortress's supposedly confidential information.

### 2. *Uniloc Cannot Seal Witness Testimony That Has Been Publicly Disclosed.*

The substance of much (if not all) of this witness testimony submitted with Apple's motion has already been unsealed on the docket of another case in this District: *Uniloc v. Google,* No. 4:20-cv-05345-YGR (N.D. Cal.) Uniloc does not address the sealed portions of witness testimony submitted with Apple's motion and it should thus be unsealed. In *Uniloc v. Google*, the defendant's recently-filed reply (on its motion to dismiss for lack of standing) describes the substance of James Palmer's deposition testimony that is sealed in this case. Evidently, Mr. Palmer stated "that [Uniloc] failed to meet its mandatory revenue requirements and took no affirmative action to cure any default," thus undermining Mr. Palmer's opinion that Uniloc's "predecessor did not default" as well as his "efforts to downplay the importance of the revenue requirement." Def. Google's Reply Supp. Br. in Supp. of Renewed Mot. to Dismiss for Lack of Standing at 1. Information of this kind is not sealable; it is simply percipient witness testimony about facts unfavorable to Uniloc's standing argument.

Additionally, now that the Court has found that Uniloc lacks standing to sue Apple for infringement, the public has an overriding interest in obtaining access to the new evidence and arguments underlying Apple's motion to dismiss. The public has a powerful interest in knowing what happens during the judicial process, including how relevant evidence about, for example, a party's negotiating history, bears on a fundamental legal issue such as standing.

### D. Denying Uniloc's Sealing Requests in Full Will Provide the Relief EFF Seeks and Vitiate the Need for Further Intervention Unless Uniloc Appeals.

This Court can once more vindicate the public's right of access while denying EFF leave to intervene in this case. EFF would welcome a result similar to its previous motions, in which the Court granted public access to judicial records while limiting EFF's intervention to

supporting the Court's unsealing order on appeal. Uniloc's objection to EFF's intervention miscomprehends the purpose of the process and substance associated with asserting the public's access rights. Sealing procedures such as those of the Local Rules exist to provide the public with notice and an opportunity to be heard on questions affecting their access to presumptively public judicial proceedings and records. Uniloc's opposition to public intervention, *see* Dkt. 208 at 13–14, ignores this fundamental purpose of allowing the public to participate in sealing proceedings such as these.

As the Ninth Circuit has explained regarding the public's right to access judicial proceedings, "procedural and substantive safeguards [for the public's right of access] are not mere punctilios, to be observed when convenient," and that "too often, these parties are indifferent or antipathetic to disclosure requests." *Phoenix Newspapers v. U.S. District Court*, 156 F.3d 940, 951 (9th Cir. 1998). Where there is a less-than-adversarial process, "providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision." *Id.* Such notice and opportunity for the public to be heard is crucial given that Apple conceded on appeal not to oppose some of Uniloc's requests. *See Uniloc*, 964 F.3d at 1364 n.9 ("At oral argument, [Apple] stated that it would not object if the district court, on remand, decided to seal a table, . . . which provides the names of Uniloc's third-party licensees, the duration of their licenses, and the specific royalty rate each licensee paid.").

Uniloc's suggestion that the Court function in place of EFF as intervenor, *see* Dkt. 208 at 14, miscomprehends the role of all involved. As the proponent of sealing, Uniloc bears the burden of supplying sealing requests that comply with applicable law. *See* L. R. 79-5(d); *Kamakana*, 447 F.3d at 1178 ("A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption [of public access] by meeting the 'compelling reasons' standard.") (citations omitted). Uniloc should have satisfied that burden in the first instance, but instead its "original sealing request was grossly excessive and its flouting of Local Rule 79-5 particularly flagrant." *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1360–61 (Fed. Cir. 2020)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(citation omitted); *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011) (decrying a litigant's "blatant[ly] . . . improper confidentiality markings," which extended to case citations and quotations from published opinions)).

Uniloc makes much of this Court's prior denials of EFF's intervention motions, *see* Dkt. 208 at 13, but ignores the fact that this Court each time also denied Uniloc's sealing requests in full. *See* Dkt. Nos. 159, 176. Because EFF intervened only to obtain access to sealed court records, EFF had no reason to intervene further once this Court denied Uniloc's sealing requests in full. The same is true again: if the Court denies Uniloc's requests in full, it should deny EFF's motion to intervene as moot.

### E.     The Court Should Deny Uniloc's Request to Sanction EFF for Seeking to Vindicate the Public's Right to Access Improperly Sealed Court Records.

Uniloc's request to sanction EFF is as improper. EFF did not file a third motion to intervene to ask this Court to reconsider its earlier unsealing orders that granted EFF the relief it sought while denying intervention in the underlying patent dispute. Dkt. 208 at 13–14. Instead, EFF filed its motion to vindicate the public's right to access judicial records that this Court and the Federal Circuit have determined should not be sealed. Uniloc asks this Court to sanction EFF's attempt to vindicate the public's right of access, which is only necessary because Uniloc failed to timely comply with the Federal Circuit's affirmance and remand. Moreover, sanctioning a non-party for seeking to assert the public's right of access to judicial records would chill future efforts to hold litigants and courts to their obligations under the First Amendment and common law to default to openness, rather than secrecy.

Indeed, the Federal Circuit commended this Court for sending "a strong message that litigants should submit narrow, well-supported sealing requests in the first instance, thereby obviating the need for judicial intervention." *Uniloc*, 964 F.3d at 1360–61. It also acknowledged the burden excessive sealing requests impose: "Trial court judges, heavily burdened with the task

of resolving complex legal and factual disputes, must also serve as the gatekeepers for vast quantities of information. They should not be forced to spend large swaths of their time struggling to rein in overzealous efforts to seal." *Uniloc*, 964 F.3d at 1363 (citing *Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, No. cv-19-2216-RGA, 2019 WL 6910264, at *1 (D. Del. Dec. 19, 2019) ("In my experience, corporate parties in complex litigation generally prefer to litigate in secret. To that end, discovery is over-designated as being confidential, pleadings and briefs are filed under seal, redacted versions of sealed documents are over-redacted, requests are made to seal portions of transcripts of judicial proceedings, and parties want to close the courtroom during testimony."); *Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, No. 1:96-cv-1718-DFH-TAB, 2007 WL 141923, at *2 (S.D. Ind. Jan. 16, 2007) ("[A]ll too frequently this Court finds itself reviewing overbroad and unsupported requests to file documents under seal. Lest practitioners suspect the Court is overstating its case, counsel in one case recently filed a motion seeking to file excerpts from the Federal Register under seal.").

No member of the public, EFF or otherwise, should have to litigate three motions and one appeal over the course of more than two years to obtain access to documents that are strongly presumed to be public. In the Ninth Circuit, the public "has a qualified right of timely access to newly filed civil nonconfidential complaints that attaches when the complaint is filed." *Courthouse News*, 947 F.3d at 585. EFF should certainly not be sanctioned for seeking timely access to judicial records in this case.

In any event, as explained above, EFF's renewed motion does not seek reconsideration of the Court's earlier unsealing orders. In denying Uniloc's motions to seal, the Court's previous unsealing orders provided EFF with the full relief it sought in its motions to intervene and unseal records. In fact, EFF agrees with the substance of those orders and defended them on appeal to

13

the Federal Circuit. The denial of EFF's intervention had the practical effect of prohibiting EFF from becoming a party to the underlying dispute—a result that EFF agrees is unnecessary.

Additionally, Uniloc's request to sanction EFF for seeking public access fails because it misreads this Court's Local Rules. *See* Dkt. 208. at 14–15. Uniloc ignored the the Local Rules' requirements for sanctions requests, including that they must be brought in a separately noticed motion. *See* L.R. 7–8. More fundamentally, however, Uniloc's theory that EFF should have filed a motion for reconsideration of the Court's earlier unsealing orders fails because EFF is not a party in this case. Local Rule 7-9 (stating explicitly that the procedures required for motions for reconsideration apply expressly to "the parties in the case").

At bottom, Uniloc's sanctions request is misdirection to avoid scrutiny of its "grossly excessive" sealing requests and "particularly flagrant" violation of the Local Rules. *Uniloc*, 964 F.3d at 1360–61. Notably, Courts can and do impose sanctions to punish and deter improper sealing requests such as Uniloc's. *See In re Violation of Rule 28(D)*, 635 F.3d at 1360 (ordering sanctions because "[t]he action of . . . counsel bespeaks an improper casual approach to confidentiality markings that ignores the requirements of public access, deprives the public of necessary information, and hampers this court's consideration and opinion writing."); *Nevro Corp. v. Bos. Sci. Corp.*, 312 F. Supp. 3d 804, 805 (N.D. Cal. 2018) (imposing sanctions on a law firm that filed overbroad sealing motion).

## III.   CONCLUSION

For the foregoing reasons, EFF respectfully requests permission to intervene for the limited purpose of obtaining public access to judicial records.

Dated: December 9, 2020                                    Respectfully submitted,

                                          By:      */s/ Alexandra H. Moss*
                                                   Alexandra H. Moss
                                                   Aaron Mackey

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for Intervenor
ELECTRONIC FRONTIER
FOUNDATION